**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Israel A. Correa,<br><br>        Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>        Defendants. | No. CV 10-2491-PHX-RCB (ECV)<br><br>**ORDER** |

Plaintiff Israel A. Correa, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* Complaint (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 3), and an Inmate Account Statement (Doc. 4). The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $54.36. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**JDDL**

## II.     Complaint

Local Rule of Civil Procedure 3.4(a) requires in part that "[a]ll complaints and applications to proceed *in forma pauperis* by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms." Plaintiff's Complaint (Doc. 1) is only partially on a court-approved form required by Local Rule of Civil Procedure 3.4(a). Plaintiff has used the first two pages of the court-approved form and then has attached a separate Complaint. The separate Complaint is confusing; it appears to be a combination of an individual Complaint containing two counts related to Plaintiff and a class action Complaint containing seven class-related counts.

Because the majority of Plaintiff's Complaint is not on the court-approved form, it will be dismissed without prejudice, with leave to amend, in order for Plaintiff to file an amended complaint entirely on a court-approved form.

Within 30 days, Plaintiff may submit a first amended complaint on a court-approved form. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff. **The amended complaint must be signed by Plaintiff under penalty of perjury**.[1]

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.

If Plaintiff cannot fit all of his supporting facts in favor of a particular count on the court-approved form, then he may continue on an attachment, but each matter on any attachment must be clearly referenced to a particular count on the court-approved form, and be numbered appropriately. Plaintiff may only address one issue in each count.

In any amended complaint, Plaintiff must write out short, plain statements telling the

---

[1]Plaintiff's Complaint (Doc. 1) was not signed under penalty of perjury.

- 2 -

JDDL

Court (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  If the person named as a defendant was a supervisory official, Plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or Plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm to Plaintiff (and tell the Court some facts to support this claim).  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

Plaintiff must repeat this process for each person he names as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

A first amended complaint supersedes the original Complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint is waived if it is not raised in a first amended complaint.  King, 814 F.2d at 567.

**III.   Class Action Disallowed**

Plaintiff appears to be attempting to bring this action in part as a class action. However, Plaintiff may not maintain this action as a class action.

One prerequisite to maintaining a class action is that the class "representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  It follows that a class action may not be certified where the representative parties are without counsel.

Plaintiff is not an attorney. Plaintiff is an inmate proceeding *pro se*, and although he may appear on his own behalf, he may not appear as an attorney for other persons in a class action. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); C.E. Pope Equity Trust, 818 F.2d at 697 (while a non-attorney may represent himself, he has no authority to appear as an attorney for others); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding *pro se* to represent fellow inmates in a class action). "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." Huddleston v. Duckworth, 97 F.R.D. 512, 514 (N.D. Ind. 1983). Accordingly, this action will not be allowed to proceed as a class action.

**IV. Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

1  **IT IS ORDERED:**

2  (1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

3  (2) As required by the accompanying Order to the appropriate government agency,
4  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $54.36.

5  (3) This action **may not proceed** as a class action.

6  (4) Plaintiff's Complaint (Doc. 1) is **dismissed without prejudice** for failure to
7  file on a completed court-approved form. Plaintiff has **30 days** from the date this Order is
8  filed to file a first amended complaint in compliance with this Order.

9  (5) **If** Plaintiff fails to file an amended complaint within 30 days, the Clerk of
10 Court must, without further notice, enter a judgment of dismissal of this action without
11 prejudice.

12 (6) The Clerk of Court **must mail** to Plaintiff a court-approved form for filing a
13 civil rights complaint by a prisoner.

14 DATED this 4th day of February, 2011.

_____
Robert C. Broomfield
Senior United States District Judge