**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Israel A. Correa, | ) | No. CV 10-2491-PHX-RCB (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph M. Arpaio, et al., | ) | |
| Defendants. | ) | |

On November 17, 2010, Plaintiff Israel A. Correa, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* Complaint (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 3), and an Inmate Account Statement (Doc. 4). By Order filed February 4, 2011 (Doc. 5), the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*, assessed an initial partial filing fee of $54.36, ordered that this action not proceed as a class action, and dismissed the Complaint with leave to amend on a court-approved form. Plaintiff was given 30 days from the filing date of the Order to file a first amended complaint.

On March 7, 2011, Plaintiff filed a First Amended Complaint (Doc. 7). The Court will dismiss the First Amended Complaint without leave to amend.

I.      **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts,

1  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
2  action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court
3  should not, however, advise the litigant how to cure the defects.  This type of advice "would
4  undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231
5  (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
6  required to inform a litigant of deficiencies).  Plaintiff's First Amended Complaint will be
7  dismissed for failure to state a claim, without leave to amend because the First Amended
8  Complaint cannot be saved by amendment.

9  **II.    First Amended Complaint**

10          On March 7, 2011, Plaintiff filed his First Amended Complaint (Doc. 7).  Plaintiff should
11  take notice that all causes of action alleged in an original complaint which are not alleged in an
12  amended complaint are waived.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
13  1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d
14  565 (9th Cir. 1987).  Accordingly, the Court will consider only those claims specifically asserted
15  in Plaintiff's First Amended Complaint with respect to only those Defendants specifically
16  named in the First Amended Complaint.

17          Named as Defendants in the First Amended Complaint are: (1) Joseph M. Arpaio,
18  Maricopa County Sheriff; (2) John Graham, Officer with the Maricopa County Sheriff's Office;
19  (3) C.A. Rangel, Officer with the Maricopa County Sheriff's Office; and (4) John Does 1-10,
20  Officers with the Maricopa County Sheriff's Office.

21          Plaintiff's alleges two counts in the First Amended Complaint.  In Count I, he claims that
22  his "Miranda Rights" were violated on January 18, 2008, when, after being read his "Miranda
23  Rights," he repeatedly asked to make a phone call to his attorney and his requests were denied
24  "several times."  In Count II, Plaintiff claims that his "Civil Rights" were violated when, after
25  being "pulled over" and arrested by a Maricopa County Sheriff's Officer on January 18, 2008,
26  he was held in custody "for no reason" after a judge released him on his own recognizance.
27  Plaintiff alleges that he told the Maricopa County Sheriff's Office that he was a United States
28  citizen, but that "they didn't believe [him] because of [his] accent."  Plaintiff also alleges that

1  "officers" held him "because there was an immigration hold" on him.

2  Plaintiff seeks a jury trial and compensatory monetary damages.

**III.   Dismissal of Defendants**

   **A.   Joseph M. Arpaio, John Graham, and C.A. Rangel**

To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

To state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation, or that a state supervisory official was aware of the widespread abuses and with deliberate indifference to the inmate's constitutional rights failed to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell, 436 U.S. at 691; Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*, and, therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691; West v. Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

Although Plaintiff names Joseph M. Arpaio, John Graham, and C.A. Rangel as Defendants in the First Amended Complaint, he has not described any specific conduct by these Defendants that violated Plaintiff's constitutional rights and led to his injuries. Indeed, Plaintiff does not mention any of these Defendants in either Count I or Count II of the First Amended Complaint.

Accordingly, Defendants Joseph M. Arpaio, John Graham, and C.A. Rangel are subject to dismissal from this action for failure to state a claim upon which relief may be granted.

   **B.   John Does 1-10**

Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names

of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint, or amended complaint, upon an anonymous defendant. In order to state a claim against an individual in a civil rights action, Plaintiff must identify a specific individual who violated Plaintiff's constitutional rights. See Rizzo, 423 U.S. at 371-72, 377.

Plaintiff has not identified Defendants John Does 1-10 with enough specificity to state a claim against any specific individual. Moreover, other than listing them as Defendants, Plaintiff has not referred to them at all in either Count I or Count II of the First Amended Complaint. Accordingly, Defendants John Does 1-10 are subject to dismissal from this action for failure to state a claim upon which relief may be granted.

**IV.   Failure to State a Claim**

Because no Defendants now remain, the First Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**V.   Failure to Comply with Two Year Statute of Limitations**

Title 28 U.S.C. § 1915A(b)(1) mandates that the Court dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Moreover, "an action may be dismissed . . . where the defense is complete and obvious from the face of the pleadings." Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). In the absence of waiver, the Court may raise the defense of statute of limitations *sua sponte*. Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).

Here, it appears from the face of Plaintiff's First Amended Complaint that Plaintiff's action was not timely filed. In 42 U.S.C. § 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years. See Ariz. Rev. Stat. § 12-542(1); Madden-Tyler v. Maricopa County, 189 Ariz. 462, 464 (Ariz.Ct.App. 1997); Vaughan, 927 F.2d at 478.

Plaintiff's claims in the First Amended Complaint center around actions that occurred

1  on, or about, January 8, 2008.  However, Plaintiff did not file this action until November 17,
2  2010, almost three years after the actions that he complains about occurred.  Accordingly,
3  Plaintiff has failed to comply with the statute of limitations, and his First Amended Complaint
4  is also subject to dismissal for failure to state a claim as barred by the statute of limitations.

**VI.  Dismissal of First Amended Complaint Without Leave to Amend**

For the above reasons, the First Amended Complaint (Doc. 7) will be dismissed for failure to state a claim upon which relief may be granted.  Also, because it is clear from the face of the First Amended Complaint that the deficiencies in the First Amended Complaint cannot be cured by amendment, the Court's dismissal will be without leave to amend, and the Court will order that the action be dismissed and judgment entered.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

**IT IS ORDERED:**

(1)   The First Amended Complaint (Doc. 7) and this action are **dismissed** for failure to state a claim upon which relief may be granted and the Clerk of Court **must enter judgment** accordingly.

(2)   The Clerk of Court **must make an entry** on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)   The docket **shall reflect** that the Court **certifies**, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 12th day of May, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

copies to plaintiff *pro se* and all counsel of record